UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DEBORAH M. NETTI,

             Plaintiff,

-against-

UNITED STATES OF AMERICA and
UNITED STATES POSTAL SERVICE,

             Defendants.

**COMPLAINT**  5:25-cv-425 (BKS/MJK)

---

Plaintiff, DEBORAH M. NETTI ("NETTI"), by and through her attorneys, KIRWAN LAW, Terry J. Kirwan, Jr., of counsel, complaining of the defendants, alleges as follows:

### JURISDICTION & VENUE

1. At all times hereinafter mentioned, NETTI, was and still is a resident of the County of Cayuga and State of New York, residing at 3136 Ross Street Extension Auburn, New York 13021.

2. This action is brought against the defendants, UNITED STATES OF AMERICA ("UNITED STATES") and UNITED STATES POSTAL SERVICE ("POSTAL SERVICE"), under and pursuant to 28 USC § 1346(b), the Federal Tort Claims Act for the negligent act of an agent, servant and/or employee of the UNITED STATES and POSTAL SERVICE.

3. Venue is based on 28 USC § 1402(b) in that the acts or omissions complained of occurred in the Judicial District for the Northern District of New York.

4. The acts of negligence of an agent, servant and/or employee of the defendants occurred on Monday, August 30, 2021, at approximately 11:15 a.m.

5. The applicable claim was filed with the POSTAL SERVICE, on or about October 19, 2021 ("Claim"). A copy of the Claim together with the applicable affidavit of service is attached hereto as **Exhibit "A."**

6. The POSTAL SERVICE ultimately denied the Claim by email on October 7, 2024. A copy of the email asserting such denial is attached hereto as **Exhibit "B."**

7. A period of six (6) months has elapsed since the Claim was filed with the POSTAL SERVICE, and it has not been resolved.

8. NETTI commenced this Action within six (6) months from the date that the POSTAL SERVICE denied her Claim.

9. NETTI has complied with all prerequisites for commencing this Action pursuant to 28 USC § 2401.

## FACTUAL BACKGROUND

10. Upon information & belief, at all times hereinafter mentioned, the POSTAL SERVICE was the titled and/or registered owner of the United States Postal truck which hit NETTI ("Postal Truck").

11. Upon information & belief, at all times hereinafter mentioned, the POSTAL SERVICE was the lessee and/or lessor of the Postal Truck.

12. Upon information & belief, at all times hereinafter mentioned, UNITED STATES was the titled and/or registered owner of the Postal Truck.

13. Upon information & belief, at all times hereinafter mentioned, the UNITED STATES was the lessee and/or lessor of the Postal Truck.

14. At all times hereinafter mentioned, the operator of the Postal Truck ("Driver") was an agent, servant and/or employee of the UNITED STATES and/or the POSTAL SERVICE.

15. At all times hereinafter mentioned, the Driver operated the Postal Truck with the express and/or implied permission, consent and/or knowledge of the defendants, while within the scope of his employment.

16. At all times hereinafter mentioned, East Genessee Street, Auburn, New York, the location where the Postal Truck struck NETTI ("Incident"), was and still is a public highway and or thoroughfare.

17. On Monday, August 30, 2021, at approximately 11:15 a.m., NETTI was a lawful pedestrian legally crossing East Genessee Street in Auburn, New York ("Incident Site").

18. On Monday, August 30, 2021, at approximately 11:15 a.m., the Driver was operating the Postal Truck in the scope of his employment with the UNITED STATES and/or POSTAL SERVICE.

19. On Monday, August 30, 2021, at approximately 11:15 a.m., the Postal Truck struck NETTI while operated by the Driver, an agent, servant and/or employee of the defendant, UNITED STATES and/or POSTAL SERVICE.

**AS & FOR A FIRST CAUSE OF ACTION**

20. NETTI repeats and realleges each and every allegation of this Complaint as

if fully set forth herein.

21. The Incident and resulting injuries were caused by the negligent, wanton, reckless and/or careless acts of the defendants by and through their agents, servants and/or employees.

22. The defendants, their agents, servants and/or employees were negligent, wanton, reckless and/or careless in allowing, causing and/or permitting the Postal Truck to strike NETTI, on Monday, August 30, 2021, at approximately 11:15 a.m..

23. The defendants, their agents, servants and/or employees were also negligent, wanton, reckless and/or careless in failing to: properly keep, control and maintain the Postal Truck so as to prevent the Incident; keep the Postal Truck under proper control; operate the Postal Truck in a reasonable manner and/or speed under the prevailing traffic conditions at the time of the Incident; properly operate the braking and acceleration devices of the Postal Truck under the circumstances of the roadway where the accident occurred; keep a proper lookout; stop and/or slow down; keep alert and attentive; sound the horn of the Postal Truck; properly apply the brakes of the Postal Truck.

24. Moreover, the defendants, their agents, servants and/or employees were also negligent, wanton, reckless and/or careless in acting in: disregard for the safety of others, particularly NETTI; improperly hiring and continued employment of inept, incompetent, and/or unskilled employees; and the defendants their agents, servants and/or employees were otherwise negligent, wanton, reckless and careless.

25. By reason of the forgoing negligent, wanton, reckless and careless acts, NETTI sustained severe and serious personal injuries, some of which are permanent with permanent effects of pain, disability disfigurement and loss of body function.

26. NETTI was also caused to expend and become obligated for diverse sums of money because of the Incident and resulting injuries, and was further caused to lose substantial periods of time from her normal vocation and everyday activities and will continue to suffer such losses.

27. NETTI sustained a serious injury as defined in Sub. Div. (d) of Section 5102 of the Insurance Law of the State of New York and economic loss greater than basic economic loss, as defined in Sub. Div. (a) of Section 5102 of the Insurance Law of the State of New York.

28. The claims involved in this matter are exempt from Article 16 of the CPLR.

29. The amount in controversy exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this matter.

**WHEREFORE**, NETTI hereby demands judgment against the defendants, jointly & severally, in a fair and reasonable amount as may be determined by a trier-of-fact, but no less than **Three Hundred Thousand and 00/100 Dollars ($300,000.00),** together with such other and further relief as to the Court may seem just and proper, including costs and disbursements of this action.

Dated:  April 6, 2025

**KIRWAN LAW**
*Attorneys for Plaintiff*

By:_____
Terry J. Kirwan, Jr.
Bar Roll No. 501821
250 S. Clinton Street, Suite 530
Syracuse, New York 13202
Telephone: (315) 452-2443
tkirwan@kirwanlawpc.com